UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| THE LINKS AT NORTHSHORE CONDOMINIUM OWNERS' ASSOCIATION, a Washington non-profit corporation,<br><br>                              Plaintiff,<br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut company; and DOE INSURANCE COMPANIES 1-10,<br><br>                              Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

Plaintiff The Links at Northshore Condominium Owners' Association ("the Association") alleges as follows:

## I.       **INTRODUCTION**

1.1     This is an action for declaratory judgment, breach of contract, bad faith, and Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under Defendant The Travelers Indemnity Company of America ("Travelers") insurance policies issued to the Association. The Association is seeking a ruling that Travelers' policies provide coverage for the hidden damage at the Links at Northshore Condominium complex

and that Travelers is liable for money damages for the cost of repairing hidden damage at the Links at Northshore Condominium complex.

       (B)     Damages for breach of contract, bad faith and violations of the CPA.

       (C)      Attorneys' fees (including expert witness fees) and costs.

       (D)     Any other relief the Court deems just and equitable.

## II.    PARTIES AND INSURANCE CONTRACTS

2.1    <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Pierce County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Links at Northshore Condominium complex located at 4714 Fairwood Blvd., Tacoma, WA 98422.  The Association consists of 17 three-story buildings comprising 66 residential units.

2.2    <u>Travelers.</u>  The Travelers Indemnity Company of America ("Travelers") is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut.  Travelers sold property insurance policies to the Association including but not limited to Policy No. 680-875H7145 in effect from at least September 1, 1997 to September 7, 2000. The Travelers policies identify the Links at Northshore Condominium complex as covered property.

2.3    <u>Doe Insurance Companies 1-10.</u>  Doe Insurance Companies 1-10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Links at Northshore Condominium complex as covered property.

2.4    <u>Links at Northshore Insurers</u>.  Travelers and Doe Insurance Companies 1-10 shall be collectively referred to as the "Links at Northshore Insurers."

2.5    <u>Links at Northshore Policies</u>. The policies issued to the Association by the Links at Northshore Insurers shall be collectively referred to as the "Links at Northshore Policies."

## III.    JURISDICTION AND VENUE

3.1    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in

controversy exceeds $75,000 as necessary repairs to the Links at Northshore Condominium complex has been estimated by the Association's experts to vastly exceed $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Links at Northshore Insurers marketed and sold insurance to the Association in Pierce County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in Pierce County; and the insured condominium building is located in Pierce County.

## IV.    FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Travelers.  Evolution Architects conducted a limited intrusive investigation at the Links at Northshore Condominium complex and discovered hidden damage to exterior sheathing and framing in the exterior walls.  On January 28, 2020, the Association tendered claims to several of its property insurers including Travelers.

4.3     Investigation. The Association hired an investigative firm, Evolution Architects ("Evolution"), to investigate the extent of damage at the Links at Northshore Condominium complex. Evolution in conjunction with Travelers consultants performed a Joint Intrusive Investigation at the Links at Northshore Condominium complex. The Association understands from Evolution that the investigation revealed extensive hidden damage to sheathing and framing throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Links at Northshore condominium complex exceeds the jurisdictional limit of $75,000.

4.4     Travelers Denial. On March 9, 2021, Travelers wrongfully denied coverage for the Association's claim.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, CPA
VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## V.   FIRST CLAIM AGAINST THE LINKS AT NORTHSHORE INSURERS FOR DECLARATORY RELIEF THAT THE LINKS AT NORTHSHORE POLICIES PROVIDE COVERAGE

5.1    Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2    Declaratory Relief. An actual, present and justiciable controversy has arisen between the Association and the Links at Northshore Insurers regarding the interpretation of their policies. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)    The Links at Northshore Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Links at Northshore Condominium complex.

(B)    No exclusions, conditions, or limitations bar coverage under the Links at Northshore Policies.

(C)    The loss or damage to the Links at Northshore Condominium complex was incremental and progressive.  New damage occurred during each year of the Links at Northshore Policies.

(D)    As a result, the Links at Northshore Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing and framing at the Links at Northshore Condominium complex.

## VI.   SECOND CLAIM AGAINST TRAVELERS FOR BREACH OF CONTRACT

6.1    Incorporation.  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2    Travelers has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Links at Northshore Condominium complex.

6.3     Travelers breached its contractual duties by wrongfully denying coverage on March 9, 2021, and by failing to pay the cost of repairing the covered damage to the Links at Northshore Condominium complex.

6.4     As a direct and proximate result of Travelers' breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5     Additional Damages. As a direct and proximate result of Travelers' breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII.     THIRD CLAIM AGAINST TRAVELERS FOR INSURANCE BAD FAITH

7.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, CPA
VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

7.4     Travelers had a duty to investigate, evaluate, and decide the Association's claim in good faith. Travelers breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Links at Northshore Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Travelers policy pursuant to the plain meaning of the terms.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Travelers' conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Travelers to provide a reasonable explanation of the relevant facts, law and policy language.
- Which require Travelers to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Travelers' actions and omissions, including but not limited to its denial of coverage and failure to acknowledge pertinent coverage under its policy, are unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Travelers' duty of good faith. As a

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, CPA
VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

## VIII. <u>FOURTH CLAIM AGAINST TRAVELERS FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT</u>

8.1     The Association re-alleges and incorporates by reference paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of Travelers was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of Travelers' violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

## IX.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Association prays for judgment as follows:

9.1     <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Links at Northshore Policies provide coverage as described herein.

9.2     <u>Money Damages</u>. For money damages in an amount to be proven at trial.

9.3     <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

9.4     <u>CPA Penalties</u>.  For CPA penalties against Travelers of up to $25,000 per violation.

9.5     <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, CPA
VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

X.      **DEMAND FOR JURY TRIAL**

10.1    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 23rd day of April, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
Jerry H. Stein, WSBA #27721
/s/ *Justin D. Sudweeks*
Justin D. Sudweeks, WSBA #28755
/s/ *Daniel J. Stein*
Daniel J. Stein, WSBA #48739
/s/ *Cortney M . Feniello*
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jstein@condodefects.com
        justin@condodefects.com
        dstein@condodefects.com
        cfeniello@condodefects.com
Telephone: (206) 388-0660

***Attorneys for Plaintiff***

COMPLAINT FOR DECLARATORY RELIEF,
BREACH OF CONTRACT, BAD FAITH, CPA
VIOLATIONS, AND DAMAGES - 8

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVE., SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660